# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| CENNOX REACTIVE FIELD SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) Case No. 6:22-cv-03274-RK |
| v. | ) ) |
| CASH CLOUD, INC., | ) ) |
| Defendant. | ) |

## ORDER

Plaintiff Cennox Reactive Field Services, LLC, filed a verified complaint against Defendant Cash Cloud, Inc., on October 21, 2022. (Doc. 1.) Plaintiff asserts two claims against Defendant – breach of contract (Count I) and unjust enrichment (Count II). (*See id.*) Plaintiff's principal allegation is that Defendant breached the contract by failing to pay a total of $766,434.99 properly invoiced by Plaintiff pursuant to the parties' agreement. (*See id.*) Plaintiff seeks to recover the unpaid invoice amount in addition to pre- and post-judgment interest and attorney's fees and costs (as permitted under the asserted contract). (*See id.* at ¶ 17.) On December 7, 2022, after Defendant failed to respond to Plaintiff's lawsuit, at Plaintiff's request, the Clerk entered default against Defendant. (Doc. 7.) Two days later, Plaintiff filed this motion for default judgment asking the Clerk to enter default judgment against Defendant pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. (Doc. 8.) For the reasons explained below, Plaintiff's Rule 55(b)(1) motion for entry of default judgment is **DENIED**.

### Discussion

In federal court, default judgment is a two-step process. First, Rule 55(a) provides that when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After entry of default comes default judgment. Rule 55(b) provides two ways a party can obtain entry of default judgment, either automatically by the Clerk and on motion to the Court. As to the former, Rule 55(b)(1) (invoked by Plaintiff here) provides that "the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment" against the defaulting defendant. But entry of default judgment under Rule 55(b)(1) is only available "[i]f the plaintiff's claim is for a sum certain or a sum that can be

made certain by computation." Alternatively, when a plaintiff's claim is not otherwise for a "sum certain," "the party must apply to the court for a default judgment." Rule 55(b)(2). When proceeding under a Rule 55(b)(2) motion for default judgment, the Court "may conduct hearings or make referrals" if necessary to "determine the amount of damages" or "establish the truth of any allegation by evidence." Rule 55(b)(2)(B)-(C).

Federal courts have generally recognized that to the extent a party seeks to recover "reasonable attorney's fees" as it may be entitled to do in any given case, the party's claim is not then for a "sum certain" as that term is used in Rule 55(b)(1). *Assist Fin. Serv., Inc. v. Freight One Transp., Inc.*, No. 4:20-cv-4015-LLP, 2020 WL 4673317, at *2 (D.S.D. Aug. 12, 2020) (collecting cases); *see Fidelity Nat'l Title Ins. Co. v. Jackson*, No. 4:19-CV-2979 HEA, 2020 WL 353594, at * (E.D. Mo. Jan. 21, 2020) (ordering default judgment be entered against defendant under Rule 55(b)(1) in an amount consisting of unpaid principal balance plus interest on defaulted loan where plaintiff expressly indicated it did not seek to recover "reasonable attorney's fees" as would have been permitted under the terms of the parties' agreement, thus the damages awarded were a "sum certain"). Indeed, in general, courts have broad discretion in awarding what it determines to be "reasonable" attorney's fees. *AGCO Fin., LLC v. Littrell*, No. 16-cv-4105 (WMW/FLN), 2017 WL 7369877, at *5-6 (D. Minn. Dec. 15, 2017); *Monarch Fire Protection Dist. of St. Louis Cty., Mo. v. Freedom Consulting & Auditing Serv., Inc.*, 678 F. Supp. 2d 927, 939 (E.D. Mo. 2009).

Because Plaintiff seeks to recover reasonable attorney's fees and costs, automatic entry of default judgment by the Clerk pursuant to Rule 55(b)(1) is not permissible. Instead, Plaintiff must proceed under Rule 55(b)(2) if it wishes to secure entry of default judgment against Defendant. In doing so, the Court notes that "[a]fter default has been entered, the allegations of the complaint, except as to the amount of damages are taken as true." *Investa Mgmt. Co., LLC v. Nicholson*, No. 4:22-CV-00369 SEP, 2022 WL 3576163, at *1 (E.D. Mo. Aug. 19, 2022) (citation and quotation marks omitted); *see Am. Red Cross v. Community Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001); Fed. R. Civ. P. 8(b)(6). In proving damages, then, including the reasonableness of any requested attorney's fees, a party must provide sufficient basis on which the Court can properly consider whether the requested attorney's fees are reasonable under the circumstances (which may include relying on sworn affidavit(s) and supporting documentation). *900 Broadway v. AltosGroups*, No. 4:20-cv-00461-NKL, 2021 WL 681433, at *2 (W.D. Mo. Feb. 22, 2021).

**Conclusion**

Accordingly, Plaintiff's Rule 55(b)(1) motion for default judgment (Doc. 8) is **DENIED**. **IT IS SO ORDERED**.

                                          s/ Roseann A. Ketchmark
                                          ROSEANN A. KETCHMARK, JUDGE
                                          UNITED STATES DISTRICT COURT

DATED:  December 28, 2022

3

Case 6:22-cv-03274-RK   Document 9   Filed 12/28/22   Page 3 of 3